# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN THE MATTER OF:
THE JCM 2001 TRUST FOR
GRANDCHILDREN FBO ROBERT C.
BEYER, LAUREL COURT TRUST FBO
ROBERT C. BEYER, and ROBERT C.
BEYER LIVING TRUST,

)
)
)
)  C.A. No. 2023-1097-SEM
)
)
)

ROBERT C. BEYER,

       Counterclaimant and Third-
       Party Plaintiff,

   v.

PARKWOOD TRUST COMPANY,

       Defendant by Counterclaim,

   -and-

PARKWOOD LLC,

       Third Party Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

WHEREAS, Parkwood Trust Company ("Parkwood"), in its capacity as trustee of: (1) the JCM 2001 Trust for Grandchildren f/b/o Robert C. Beyer under an agreement dated June 7, 2001, (2) the Laurel Court Trust f/b/o Robert C. Beyer under the same agreement, and (3) the Robert C. Beyer Living Trust under an agreement dated December 14, 1987 and restated July 12, 2004 (collectively the "Trusts"), initiated this action on October 30, 2023 by filing a petition seeking instructions

regarding the appointment of a successor trustee for the Trusts (the "Initial Petition");[1]

WHEREAS, Robert C. Beyer (the "Counterclaimant"), as beneficiary of the Trusts, answered the Initial Petition and asserted a counterclaim and third-party complaint on January 5, 2024;[2] in doing so, the Counterclaimant brought Parkwood LLC into this action, and sought an order declaring that the Counterclaimant's proposed claims against both of the Parkwood entities would not trigger the Trusts' no-contest agreements; the Counterclaimant also alleged breaches of fiduciary duty, breaches of contract of trust, and breaches of the implied covenant of good faith and fair dealing; the Counterclaimant filed a motion for partial summary judgment on March 5, 2024,[3] which I later granted in large part;[4] on February 24, 2025, I granted the parties' proposed implementing order, and the proposed counterclaims and third-party complaint were docketed *nunc pro tunc* to January 5, 2024;[5]

WHEREAS, on April 15, 2024, I granted Parkwood's unopposed motion for leave to file an amended petition,[6] and that petition (the "Amended Petition") was

---

[1] Docket Item ("D.I.") 1.

[2] D.I. 2.

[3] D.I. 5–6.

[4] D.I. 42–43.

[5] *See* D.I. 45–46.

[6] D.I. 10.

filed on April 22, 2024;[7] through the Amended Petition, Parkwood seeks an order instructing the Counterclaimant to appoint a qualified institution, as defined in the Trusts' agreements, as successor trustee, or alternatively, instructing Parkwood of its power and authority to resign as trustee, and designate a successor thereto;[8]

WHEREAS, as alleged in the Amended Petition, Parkwood is the trustee of all three Trusts, each of which primarily benefit the Counterclaimant;[9] the Trusts' governing documents permit Parkwood to disengage as trustee, and provide that once Parkwood has done so, it has no authority or obligations pertaining to the Trusts, other than those related to disengagement or restatement;[10] the Amended Petition also alleges that the Counterclaimant has the authority to appoint a trustee, but has not done so, despite Parkwood's disengagement;[11] instead, the Counterclaimant informed Parkwood of his intent to form a private family trust company to serve as successor;[12] per Parkwood, this purported selection is unacceptable because it is not a "qualified institution" and thus cannot serve as trustee without Parkwood's consent;[13]

---

[7] D.I. 12.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

3

WHEREAS, on May 17, 2024, the Counterclaimant filed an amended answer to the Amended Petition (the "Amended Answer");[14] the Amended Answer reflects that Parkwood purported to disengage its services as trustee, but the Counterclaimant denies any fault for the lull in current governance;[15] in fact, the Counterclaimant avers that Parkwood is interfering with his ability to appoint a successor trustee;[16]

WHEREAS, on June 17, 2024, Parkwood moved for judgment on the pleadings (the "Motion");[17] in support of the Motion, Parkwood asserts that it is entitled to judgment on the pleadings because there is no material dispute of fact concerning the power to appoint a successor trustee, which is an issue the Court can decide as a matter of law;[18] Parkwood further contends that it is undisputed that: the Counterclaimant has a duty to appoint a successor trustee, Parkwood has disengaged, and Parkwood has waived any consent requirement;[19] it likens the Counterclaimant's duty to appoint a successor as a statutory fiduciary one;[20] additionally, Parkwood avers that the Counterclaimant's counterclaims have no

---

[14] D.I. 22.

[15] *Id.*

[16] *Id.*

[17] D.I. 30–31.

[18] *Id.*

[19] *Id.*

[20] *Id.*

bearing on the Motion, given that they are entirely separate and distinct from the discrete issue raised in the Amended Petition;[21]

WHEREAS, on July 19, 2024, the Counterclaimant filed an opposition to the Motion (the "Opposition");[22] through the Opposition, the Counterclaimant argues that the counterclaims call into question the propriety of Parkwood's actions in connection with its consent to the Counterclaimant's proposed successor, an issue lying at the heart of this case;[23] the Counterclaimant further argues that the statute cited by Parkwood is inapposite, and the parties continue to dispute the Counterclaimant's apparent attempt to appoint a successor;[24] additionally, the Counterclaimant argues there is nothing in the pleadings to establish that Parkwood should alternatively be given the power to appoint a successor trustee, and the Counterclaimant generally needs more information about his trust assets;[25]

WHEREAS, Parkwood filed a reply in further support of the Motion on August 9, 2024, averring that the Trusts' agreements provide a clear path to appoint

---

[21] *Id.* At the time the Motion briefing was submitted, I had not yet issued my decision on the motion for partial summary judgment.

[22] D.I. 37.

[23] *Id.*

[24] *Id.*

[25] *Id.*

a successor trustee, and that the Counterclaimant's Opposition arguments are unavailing;[26]

WHEREAS, this Court will grant a motion for judgment on the pleadings under Court of Chancery Rule 12(c) "only when no material issues of fact exist[] and the movant is entitled to judgment as a matter of law[;]"[27] in making this assessment, the Court "is required to view the facts pleaded and the inferences to be drawn from such facts in [the] light most favorable to the non-moving party[;]"[28] the Court must consider "not only the complaint or counterclaims, but also the answer, affirmative defenses, and any documents integral thereto[;]"[29]

WHEREAS, the Motion was heard on November 12, 2024, at which point I took this matter under advisement;[30]

**IT IS HEREBY ORDERED**, this 7th day of March 2025, as follows:

1. The Motion is **DENIED**.

2. The Counterclaimant has identified material issues of fact, which preclude entry of judgment on the pleadings. Viewing the facts and drawing all

---

[26] D.I. 39.

[27] *Desert Equities, Inc. v. Morgan Stanley Leveraged Equity Fund, II, L.P.*, 624 A.2d 1199, 1205 (Del. 1993).

[28] *Xu Hong Bin v. Heckmann Corp.*, 2009 WL 3440004, at *13 (Del. Ch. Oct. 26, 2009) (first brackets in original).

[29] *Brex Inc. v. Su*, 2024 WL 2956861, at *1 (Del. Ch. June 12, 2024).

[30] D.I. 42–43.

inferences in the light most favorable to the Counterclaimant, the disputes regarding whether Parkwood engaged in trust mismanagement, and whether Parkwood acted in bad faith in declining to consent to the Counterclaimant's proposed successor trustee, are material to the requests in the Amended Petition (that the Counterclaimant be directed to appoint a qualified institution, as defined in the Trusts' agreements, as successor trustee, or alternatively, that the Court instruct Parkwood of its power and authority to resign as trustee, and designate a successor thereto).

3.      This is a Magistrate's Report under Court of Chancery Rule 144, and exceptions are stayed until a ruling on the merits.

**IT IS SO ORDERED.**

*/s/ Selena E. Molina*
Senior Magistrate Selena E. Molina